UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIRK ROBERT CHRIST
MICKELSON,

               Plaintiff,

v.

TARZE ANDERSON, EMPLOYERS
OF TARZE ANDERSON, DEED
OWNERS OF THE NAMED AND
DESCRIBED PROPERTY, DERREK
POLZIN, and ALICIA WOITOWICZ,

               Defendants.

Case No. 24-CV-1471-JPS

**ORDER**

      Plaintiff Kirk Robert Christ Mickelson, an inmate confined at the Ozaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of federal and state law. ECF No. 1. This Order screens Plaintiff's complaint and resolves his motions for leave to proceed without prepaying the filing fee.

**1.    MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 27, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $18.00. ECF No. 12. Plaintiff paid that fee on February 24, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, and will deny the duplicative motion, ECF No. 7, as moot. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff and his fiancé began renting an apartment from Defendant Tarze Anderson ("Anderson") on February 10, 2023. ECF No. 1 at 2. They paid rent and the security deposit on the spot. *Id.* About a month later, they heard that Anderson had attempted to pressure women into trading sex for rent. *Id.* Plaintiff took precautions with Anderson and was responsible for all interactions with him. *Id.* The first few months went great, and Anderson thanked them for taking good care of the apartment. *Id.* Anderson assured them their backgrounds were not an issue. *Id.* at 3. Both Plaintiff and his fiancé had a lifetime of drug abuse and mental health issues and were considered disabled under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). Prior to entering the rental agreement, Plaintiff had finished a ten-year sentence and came out of a halfway house. *Id.*

After approximately one year, they experienced leaking in the roof during a rainstorm. *Id.* at 3-4. Anderson said he would fix the issues within a few days. *Id.* at 4. Anderson sent a man to fix the issue, but it was not resolved; Plaintiff caught this man smoking crack behind their garage on several occasions. *Id.* They also contacted Anderson about a leaking faucet

and a roach infestation; Anderson did not fix these issues either. *Id.* at 4–5. Plaintiff gathered evidence and later informed Anderson that he was not obligated under state law to continue paying rent until the issues were resolved. *Id.* at 6. Anderson threatened Plaintiff as a result of this conversation. *Id.*

Two days later, while Plaintiff was napping, a man kicked in Plaintiff's door and broke the locks; the man got away in what appeared to be Anderson's truck. *Id.* at 7. Plaintiff called the police immediately but did not get help. *Id.* Plaintiff contacted Anderson but got no response. *Id.* At that point, Plaintiff decided he needed to take Anderson to court and did not pay any more rent. *Id.* Anderson continued to threaten Plaintiff. *Id.* at 8. Plaintiff decided to install security cameras for his fiancé's safety. On September 11, Plaintiff was arrested and taken into federal custody. *Id.* Anderson was present during the arrest and spoke with the marshals. *Id.* Plaintiff did not give Anderson permission to access his home. *Id.*

Plaintiff later learned that supposed friends, Defendants Derrek Polzin and Alicia Woitowicz, made an agreement with Anderson and stole all his property. *Id.* at 9–10. Plaintiff has tried to file a police report while incarcerated at the Dodge County Detention Center, but he was not allowed to do so. *Id.* at 10. Plaintiff seeks damages in the amount of $50,000 for his lost property and $10,000 for what he still owes on the stolen furniture. *Id.* at 11.

### 2.3 Analysis

Based on the complaint filed, the Court finds that it does not have jurisdiction to adjudicate the claim that Plaintiff has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue

*sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "'When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.'" *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010) (quoting *Arbaugh*, 546 U.S. at 514).

It appears from the complaint that Plaintiff is bringing a state law claim based on a general landlord-tenant dispute and stolen property. Although Plaintiff makes a general statement about his disability and mental health issues, he has does not allege any factual basis for housing discrimination. As such, there are no factual allegations in the complaint that support a violation of federal law to give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331.

Further the complaint does not contain an amount in controversy to suggest diversity jurisdiction would be applicable. Federal jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The complaint also contains no facts regarding Defendants' citizenship to suggest that the parties are diverse. As such, the Court does not discern any facts in the complaint showing that the Court has jurisdiction over Plaintiff's claims. While the Court understands the seriousness of Plaintiff's allegations regarding his lost property, this is likely an issue that belongs in state court.

The Court will provide Plaintiff the opportunity to file an amended complaint on or before **April 24 2025**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?;

(2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** Plaintiff's duplicative motion for leave to proceed without prepaying the filing fee, ECF No. 7, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **April 24 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case without prejudice based on a lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $332.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.