UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIRK ROBERT CHRIST
MICKELSON,

                Plaintiff,

v.

TARZE ANDERSON, DERREK
POLZIN, and ALICIA WOITOWICZ,

                Defendants.

Case No. 24-CV-1471-JPS

**ORDER**

        Plaintiff Kirk Robert Christ Mickelson, an inmate confined at the Ozaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of federal and state law. ECF No. 1. On April 2, 2025, the Court screened the complaint, found that it lacked subject-matter jurisdiction over the case, and allowed Plaintiff to file an amended complaint. ECF No. 13. On April 29, 2025, Plaintiff filed an amended complaint. ECF No. 14. This Order screens Plaintiff's amended complaint.

1.     **FEDERAL SCREENING STANDARD**

        Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff and Defendants Tarze Anderson, Derreck Polzin, and Alicia Woitowicz are all citizens of Wisconsin. ECF No. 14. at 1-2. Upon Plaintiff's arrest on September 11, 2024, Defendants participated in stealing over $75,000 of Plaintiff's personal property. *Id.* at 2. Plaintiff was never served a court order of eviction from his home. *Id.* Plaintiff asserts that the amount in controversy makes this a federal case, and that the federal government holds evidence regarding the days leading up to his arrest. *Id.* at 3. Plaintiff

further asserts that Defendants violated his Fourteenth Amendment rights by taking everything he owned. *Id.*

### 3. ANALYSIS

The Court finds that it does not have jurisdiction to adjudicate the claim that Plaintiff has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "'When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.'" *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010) (quoting *Arbaugh*, 546 U.S. at 514).

It appears from the amended complaint that Plaintiff is bringing a state law claim based on a general landlord-tenant dispute and stolen property. Plaintiff does not plead any facts suggesting any defendants are state actors for a § 1983 claim. As such, there are no factual allegations in the complaint that support a violation of federal law to give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331.

Further, the amended complaint does not plead diversity jurisdiction because all parties are citizens of Wisconsin. Federal jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. As such, the Court does not discern any facts in the amended complaint showing that the Court has diversity jurisdiction over Plaintiff's claims. Again, while the Court

understands the seriousness of Plaintiff's allegations regarding his lost property, this is an issue that belongs in state court.

In sum, the Court finds that Plaintiff's amended complaint fails to state a federal claim upon which relief may be granted. Despite the Court's guidance, the amended complaint does not establish subject-matter jurisdiction. The Court has allowed Plaintiff the opportunity to amend his complaint and has provided guidance as to how Plaintiff could successfully do so. As such, the Court finds that further amendment to state a federal claim would be futile. The Court will accordingly dismiss this action without prejudice for lack of subject-matter jurisdiction. Plaintiff may choose to pursue his state claims in state court if he so chooses.

### 4. CONCLUSION

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.